[Civ. No. 121. Second Appellate District.—December 20, 1905.]

F. X. LINCK et al., Respondents, v. M. C. MEIKELJOHN et al., Appellants.

MECHANICS' LIENS—MATERIALMEN—MISREPRESENTATION OF OWNERSHIP BY CONTRACTOR—LIEN UPON AND SALE OF BUILDING.—Persons furnishing materials for the erection of a house by a contractor who falsely represented himself to be the owner of the land have a right of lien upon the building, which they may foreclose and sell as against the true owners of the land; and in the absence of any showing by them that its removal would in any wise injure their property, they will be taken as having suffered no injury by reason of the sale and removal of the building.

ID.—PERMANENT STRUCTURE ON LAND—ELECTION—EQUITABLE CHARGE UPON OWNERS.—Where a building is constructed in a permanent manner upon land, it becomes part of it, but if it is constructed with a lien thereon, it becomes a part of such land subject to such lien. It would be grossly inequitable that owners who may elect to treat a building as a trespass and remove it may also elect to retain it with knowledge that it is burdened with liens, and yet hold it as free from such burden. If the owners desire to avail themselves of the incidental benefit of the structure made without their authority, they should be required in common honesty to pay liens created thereon in good faith, without knowledge that the erection of the building was unauthorized.

ID.—JUDGMENT AGAINST CONTRACTOR—APPEAL BY OWNERS.—Upon appeal by the owners of the land, the validity of a judgment against the contractor for deficiency after the sale of the building is not involved, and will not be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

D. H. Laubersheimer, Isidore B. Dockweiler, and S. C. Pardee, for Appellants.

Charles L. Batcheller, J. W. Ballard, and Charles D. Ballard, for Respondents.

ALLEN, J.—This action was brought by plaintiff to enforce a lien of materialmen who furnished the materials used in the construction of a house erected by a contractor, who constructed the same under a contract with one, not the owner, but who falsely represented himself as such. The trial court by its decree rendered judgment against the contractor and directed a sale of the building. From this decree and judgment, and an order denying a new trial, the owners of the real property appeal.

It is insisted by appellants upon this appeal that no lien can attach to a building permanently resting upon land, unless some interest in the real property is vested in the person who caused the superstructure to be erected; and that a decree directing the sale of the building in proceeding to foreclose a mechanic's lien is unauthorized. Section 15, article 20 of our state constitution provides: "Mechanics, materialmen . . . shall have a lien upon the property upon which they have bestowed labor or furnished material for the value," etc. Title IV of the Code of Civil Procedure, which comprises the necessary legislation to carry into effect this constitutional right, provides that the lien shall be upon the property upon which they have bestowed labor and furnished materials; and by section 1185 of such title it is provided that "the land upon which any building . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof . . . is also subject to the lien, if at the commencement of the work, or the furnishing of the materials for the same, the land belonged to the person who caused said building to be constructed."

The supreme court of this state in *Humboldt Lumber Co. v. Crisp,* 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30], in construing these sections, says: "In these provisions we see an intention of the legislature to make the lien on the building the principal thing, and the lien upon the land on which it is situated an incident of the completion of the building." It is only when the land belongs to the person who caused the building to be constructed, or who has an interest therein, that such land or interest may also be charged. The decree of sale in this case is then as to the primary thing upon which the lien existed. It is true that where a building is constructed in a permanent manner upon land it becomes a part thereof, but if it is constructed with a lien thereon it becomes a part of such land subject to such lien. It would be grossly inequitable to say that one who may elect to treat a structure as a trespass and remove it, may elect to retain it, with knowledge that it is burdened with a lien, and yet hold it free from such burden. If the land owner desires to avail himself of the incidental benefit of the construction made without his authority, he should be required in common honesty to pay liens thereon occasioned by its construction, created in good faith, without knowledge that the erection of the building was unauthorized.

It is unnecessary upon this appeal to notice the questions raised as to the validity of the deficiency judgment against the contractor. This judgment does not purport to be against appellants. The only decree affecting appellants is as against the building, and in the absence of any showing that its removal would in anywise injure the property of appellants, they will be taken as having suffered no injury by reason of the sale and removal. If, upon the other hand, they elect to pay the judgment and retain the building, to which up to the present time they have contributed nothing, such election would no doubt be based upon the equivalent they received for the outlay. In no event, however, does the amount of the judgment affect their present interests.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1906.