[Civ. No. 3929.  First Appellate District, Division One.—August 30, 1921.]

## SAN FRANCISCO LUMBER CO. (a Corporation), Respondent, v. W. F. YATES et al., Appellants.

[1] MECHANICS' LIENS—PRIORITY OF DEED OF TRUST.—The owner of land has the right to create, by deed of trust, a preferred lien on the property to raise money for the purpose of erecting a building thereon, which lien takes precedence to subsequent mechanics' lien claims.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

T. W. Hubbard, Barnett Lyon and Hubbard & Johnson for Appellants.

Aitken & Aitken and Aitken, Glensor, Clewe & Van Dine for Respondent.

WASTE, P. J.—The plaintiff brought this action to foreclose two mechanics' liens. The court awarded a personal

judgment against the contractor and decreed a lien on the building and land, subject only to a mortgage executed by defendants W. F. and Jeannette Yates, held by the German Savings & Loan Society, concerning which there is no dispute. It ordered a sale of the premises to satisfy the claims. Certain of the defendants appeal, claiming that their interests under a prior recorded deed of trust are superior to the rights of the lienholders, and that the court erred in its findings of fact and conclusions to the contrary.

The defendant Jeannette Yates was the owner of the lot in question. She made a contract with the defendants Berry, by the terms of which it was agreed that Mrs. Yates should erect a building upon the lot, the Berrys to buy the premises from her for an agreed price of $2,150 and interest, payable in monthly installments after completion of the building. Pursuant to this agreement Mrs. Yates and her husband executed and delivered a deed conveying the land to the Berrys, which deed was duly recorded. As part of the transaction, Amelia Frances Berry and Curtis Berry, her husband, then executed and delivered to Mrs. Yates their promissory note for the sum of $2,150, and interest, payable in installments as agreed. In order to secure the payment of the note, Mr. and Mrs. Berry executed a deed of trust of the lot to defendants Henry S. Bridge and Harry B. Allen, as trustees, which was properly recorded. Coincident with the execution of the note and deed of trust, Mrs. Yates sold and indorsed the note to the defendant Carrie E. Bridge, and she and her husband transferred and conveyed to Mrs. Bridge all of their right, title, and interest in and to the deed of trust, and Mrs. Bridge has ever since been the owner and holder of the note and said interests. Neither the assignment of the note nor the transfer of the interests under the deed of trust has ever been recorded.

After all the foregoing transactions had been completed, Mrs. Yates entered into an agreement with W. F. Yates, her husband, who was her agent and builder, to construct a dwelling on the lot. The court found, and it appears to be a fact, that the purpose of the execution of the note and deed of trust by the Berrys to Mrs. Yates, and by her transferred to Mrs. Bridge, was to obtain money to be

used by defendant W. F. Yates in connection with his business of building and selling houses, one of which was the house in question.

The plaintiff supplied the lumber used in the construction of the building, and his assignor, Powers, furnished the material and labor for doing the plastering and cement work. It is admitted that they duly filed their claims of lien and there is no question in the case as to the value of the labor and material. It is also admitted that prior to the time any of the material was furnished, or any of the work was done, the deed of trust from the Berrys to Bridge and Allen was recorded. In point of time, therefore, the lien created by this deed of trust is prior to the lien of the plaintiff. Notwithstanding this fact, the court below decreed that the lien of the plaintiff was superior to the rights of the appellants who are claiming under the deed of trust, which ruling raises the point to be determined on this appeal.

Section 1186 of the Code of Civil Procedure provides that mechanics' liens are only preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was not recorded at the time the building was commenced. The lower court took the view, and the respondent is here arguing, that the facts of this case remove it from the application of that section. Their position is, in brief, that Mrs. Yates was the real owner of the property; that the trust deed was in effect of her own execution; that through her husband, acting as her agent and contractor, she herself created the mechanics' and materialmen's liens, which should take precedence over any interest she may have in the property; that the interest of Mrs. Yates, as owner, whatever it may be, was subject to the liens, regardless of the claims of Bridge as assignee.

We are not impressed with the argument advanced in support of the respondent's position. [1] In the first place, Mrs. Yates was not the owner of the lot after the execution, delivery, and recordation of the deed to the Berrys. In the next place, even if she had been, she had

the right to create, by the deed of trust, a preferred lien on the property to raise money for the purpose of erecting the building, which takes precedence of subsequent mechanics' lien claims (*Harper & Reynolds Co.* v. *Hammond Lumber Co.,* 51 Cal. App. 74, [196 Pac. 97], in which a hearing in the supreme court was denied). No more was done in this case than in that. The facts there considered, while not the exact counterpart of those here, are so nearly alike, that we deem the decision to be conclusively determinative of this case. In this case, as in that, there is no allegation of fraud in any of the pleadings, and nothing in the contract or assignment to suggest fraudulent intent. No facts are set forth in the findings from which corrupt motives on the part of any of the contracting parties could reasonably be inferred. Nowhere does it appear that subsequent to the recordation of the trust deed the proceeds were diverted from the purpose for which they were intended, with the intent to deprive the lien claimants of their priority.

The judgment and decree of the lower court, giving priority to the claims of liens of the respondent over the prior recorded deed of trust, is not supported by the facts, and is contrary to the express provision of the section of the code referred to.

It is not disputed that the deed of trust was properly recorded. The validity of the indorsement of the note which it secured, and the sufficiency of the assignment of all the interest of Mrs. Yates under the deed of trust, to Mrs. Bridge, are not questioned. The court found that after the completion of the dwelling, the Berrys defaulted in their payments. Thereupon defendants Bridge and Allen, the trustees, at the instance of Mrs. Bridge, caused the property to be sold under the terms of the deed of trust. At the sale Mrs. Bridge became, and is now, the owner of the property. On these facts it conclusively appears that the property is free and clear of the claims of lien attempted to be asserted by the respondent in this action.

The judgment is reversed, except in so far as it accords a personal judgment in favor of the plaintiff and against the defendant W. F. Yates. The cause is remanded to the lower court, with directions to enter judgment in accor-

dance with the views herein expressed, the appellants to recover their costs of this appeal.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 29, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 24, 1921.

All the Justices concurred, except Shaw, J., who was absent.