[L. A. No. 7788. In Bank.—March 26, 1928.]

J. M. FICKLING, Respondent, v. W. T. JACKMAN et al., Defendants; HAMMOND LUMBER COMPANY (a Corporation) et al., Appellants.

R. L. Horton for Appellants.

Peyton H. Moore for Respondent.

Bertin A. Weyl, *Amicus Curiae.*

THE COURT.—This is an appeal from a judgment in favor of plaintiff in an action to foreclose a mechanic's

lien. Abraham Schneider in his lifetime, as owner, made a contract with W. T. Jackman Company, one of the defendants, as builder, for the construction of a fifteen-unit bungalow court on Cahuenga Avenue in the city of Los Angeles. The Jackman Company agreed to furnish all labor and material necessary for the erection and completion of the units. The contract price was stipulated to be $43,840, payable in amounts equal to seventy per cent of paid bills as the work progressed, and a sum in cash thirty-five days after completion sufficient to bring the cash payments to a total of $32,840; $1,000 ninety days after completion and $10,000 on or before four years after date of completion, payable in installments of $250 per month beginning thirty days after completion. The note for $10,000 was provided to be and was secured by a deed of trust, which, as also provided in the contract, was filed for record the day following its date and before any materials were delivered or construction work was commenced. A prior lien, a first deed of trust for $24,000, was also of record. The deed of trust securing said payment of $10,000 of the contract price was executed by Schneider on July 12, 1921, to Title Guarantee and Trust Company as trustee, and Kathryn Thompson, a stenographer in the office of W. T. Jackman Company, as beneficiary. It was recorded on July 13, 1921, and delivered to Hellman Commercial Trust and Savings Bank with written instructions signed by Schneider that it should be held by the bank until he should notify it to deliver the same to W. T. Jackman Company. The contract provided: "Said note to be put in trust at Hellman Bank till bldg. completed." Hammond Lumber Company, another of the defendants, during the progress of the work, had delivered considerable building material to the job. It received a further order from the Jackman Company for about $10,000 worth of lumber and material. It refused to make delivery of the order without first receiving security in addition to its mechanic's lien rights. Whereupon negotiations were entered into and the trust deed and note for $10,000 were assigned to Hammond Lumber Company, together with a letter signed by the owner and the Jackman Company to the effect that said trust deed should be effective only upon completion of the building in accordance

with the plans and specifications, and that upon completion of the building the Hammond Lumber Company should hold the trust deed as security for the account of the Jackman Company. The Hammond Company thereupon made the requested delivery of material. A notice that the building was duly constructed and actually completed on the sixteenth day of December, 1921, was filed pursuant to section 1187 of the Code of Civil Procedure.

The plaintiff installed the plumbing in the bungalow court and thereafter brought the present action to foreclose his mechanic's lien. Portions of a stipulation entered into between the parties material to the questions involved on this appeal are as follows: "The claim of J. M. Fickling for four thousand and fifty-five dollars ($4055.00), and interest thereon at seven per cent (7%) per annum from January 12th, 1922, as set forth in his complaint, together with a mechanic's lien, securing said amount, upon the real property described in the complaint of the said J. M. Fickling, is hereby admitted as established, and further proof thereon is hereby waived. . . . The claim of the Hammond Lumber Company, as set forth in its complaint in a certain action instituted in this court and numbered 105044 of the records of this court, wherein Hammond Lumber Company was plaintiff and W. T. Jackman et al. were defendants, together with its right to a mechanic's lien for the amount of said claim upon the real property described in the complaint in said action, shall be deemed established, and further proof of the amount of said claim and of the right to a lien upon the real property, referred to in said complaint, is hereby waived. . . . It is stipulated that the mechanic's lien claims of the said J. M. Fickling and of the said Hammond Lumber Company, respectively, as above stipulated for, shall be deemed as standing on the same basis, and upon an absolute equality under the law, neither having a preference over the other; it being understood, however, that no stipulation is made as to whether that certain trust deed, executed by Abraham Schneider in favor of the Title Guarantee & Trust Company, upon the real property set up in plaintiff's complaint, and securing a note for ten thousand dollars ($10,000.00) in favor of Kathryn Thompson, which said note was assigned to the Hammond Lumber Company, is a

prior lien upon said real property superior to the mechanic's lien of J. M. Fickling, the plaintiff above named, the priority between the lien of said trust deed and the lien of the mechanic's lien claim of J. M. Fickling being left for the determination of the court in this action.'' The trial court found and it is conceded that the Jackman Company is the real beneficiary under the deed of trust. Judgment was ordered in the sum of $4,380.23 in favor of plaintiff and in the sum of $20,413.23 in favor of Hammond Lumber Company, and it was adjudged that upon a sale of the property these two amounts should be paid before any payment should be made on the note for $10,000 secured by the trust deed assigned to the Hammond Lumber Company. From that judgment the Hammond Lumber Company and Title Guarantee and Trust Company have appealed.

Under the issues framed by the pleadings and under the stipulation of facts, the main question here presented is this: Which has priority, the deed of trust which was recorded prior to the commencement of any work and the furnishing of any materials, or the mechanics' liens of the plaintiff and of the defendant, Hammond Lumber Company?

It is contended by the appellants that the question is settled by the provisions of section 1186 of the Code of Civil Procedure, which are as follows: ''The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also, to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement, or structure was commenced, work done, or the materials were commenced to be furnished.''

By a long line of decisions in this state a deed of trust is a lien or other encumbrance within the meaning of that section. The general rule is stated to be: ''Accordingly, if recorded before any work is done or materials are commenced to be furnished, a trust deed is in the ordinary course of things prior to mechanics' liens. . . . An owner has a right to create by deed of trust a preferred lien on the property to raise money for the purpose of erecting a

building which will take precedence over subsequent mechanics' liens. So deeds of trust for advances to be made for building purposes are ordinarily superior to mechanics' liens subsequently attached, although some of the money may have been advanced after the lien attached, the making of advances being obligatory." (25 Cal. Jur. 52, 53, and cases cited.)

Unless there is something which distinguishes this case from the situation recited in the rule, we find no reason for refusing to apply it. The decisions have clearly settled that where the consideration for a mortgage or deed of trust has not passed until after work commenced or materials furnished, although the mortgage or deed of trust has been recorded prior to the commencement of work or the furnishing of materials, the lien of the mortgage or deed of trust is prior to the mechanics' liens where the making of the advances is obligatory on the part of the mortgagee or the beneficiary. (*Tapia* v. *Demartini,* 77 Cal. 383 [11 Am. St. Rep. 288, 19 Pac. 641]; *Savings etc. Society* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]; *Hall* v. *Glass,* 123 Cal. 500 [69 Am. St. Rep. 77, 56 Pac. 336]; *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 288 [84 Pac. 58]; *Fuller* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027]; *Harper Reynolds Co.* v. *Hammond Lumber Co.,* 51 Cal. App. 74 [196 Pac. 97]; *San Francisco Lumber Co.* v. *Yates,* 54 Cal. App. 109 [204 Pac. 423].) But where the advances are optional with the mortgagee or beneficiary, the lien of the mortgage or deed of trust is postponed to the date or dates respectively as of which the advances actually are made. (*W. P. Fuller & Co.* v. *McClure, supra;* Jones on Chattel Mortgages, 3d ed., sec. 97.) In the building contract in the present case the Jackman Company, in consideration of the contract price agreed to be paid by the owner in the manner and at the times provided, promised to "furnish all labor and material necessary for the erection and completion" of the bungalow court. It has been held that a binding promise to furnish all labor and materials in such a contract is an agreement to pay for them. (*Callan* v. *Empire State Surety Co.,* 20 Cal. App. 483 [129 Pac. 978, 981].) This promise to pay for as well as furnish all labor and material necessary is also clearly inferable from the contract, which pro-

vides, as noted, that the owner will pay the contractor, as the contract price, during the progress of construction, seventy per cent of *paid* bills, etc. Unquestionably under this contract—and it is so conceded—the Jackman Company was bound not only to furnish all labor and material necessary for the erection and completion of the bungalow court, but also to pay for all such labor and material. So when the deed of trust was executed and delivered as part of the purchase price there was a binding obligation on the part of the Jackman Company to make payments up to the full principal amount thereof, if that should become necessary in the performance of its obligation to pay for all labor and material furnished by it. There is no distinction between a delivery of the executed deed of trust directly to the Jackman Company and, as in this case, a delivery in escrow to be effective upon the completion of the buildings as provided in the contract. On the performance of the condition or the happening of the contingency the effect is the same and title vests at the date of such execution and delivery. (See 10 Cal. Jur. 593, and cases cited.)

█ Respondent contends that no consideration has been given by the Jackman Company for the trust deed, or, in other words, that no advances have been made by the Jackman Company under the trust deed which would have the effect of attaching the lien of the trust deed at the date of its execution, and that therefore the proceeds of the deed of trust became a fund for the payment of mechanics' liens pursuant to section 1193 of the Code of Civil Procedure. That section makes provision for recovery by the contractor upon liens filed by him of such amount only as may be due him according to the terms of his contract after deducting all claims of other parties for work done and materials furnished. If there is nothing due to the contractor the section does not apply. █ The amendment in 1911 of section 1183 of the Code of Civil Procedure made a change in the law as it formerly stood in that section with respect to the manner and time of paying the contract price. It is not now required that the owner pay in any stated percentages or at any particular time. "All these things are left to the will of the owner and the contractor as they may agree. . . . The parties are at liberty to contract for pay-

ment in advance, or in specific property." (*Roystone Co.* v. *Darling,* 171 Cal. 526, 534 [154 Pac. 15, 18].) The parties, owner and contractor, could therefore have agreed on payment in cash or property, in advance or in the future, as they pleased. By giving the contractor a trust deed to secure a promise to pay in the future a part of the contract price the owner has not withheld under the meaning of the section any part of the contract price except in so far as he has not received any consideration for the trust deed. To the extent that the contractor has given consideration for the trust deed, the owner has paid as effectively as though he had advanced cash on the contract price instead of having given a trust deed. In other words, there is no distinction between this situation and the case where a third person binds himself to make advances as the work progresses in consideration of a promise to pay secured by a mortgage or deed of trust which is recorded prior to the commencement of any work and before any materials are furnished. And it has been held that such obligatory advances under a deed of trust need not be in cash, but may be in property, and payment therefor by the contractor may be by assignment of the trust deed security for the contract price. (*Harper Reynolds Co.* v. *Hammond Lumber Company,* 51 Cal. App. 74 [196 Pac. 97].)

We conclude, therefore, that the contractor, under its obligation so to do, has made advances—or paid consideration—for the deed of trust for the full principal sum thereof by the furnishing of materials delivered by Hammond Lumber Company; that the deed of trust for $10,000, having been recorded prior to the commencement of any work or the furnishing of any materials, is prior to the liens of the plaintiff and of the defendant Hammond Lumber Company.

The plaintiff urges that the approval of such a trust deed transaction would result in an unjust advantage being taken of lien claimants, but such is not the case under the circumstances here shown. The validity of the note and the trust deed is not attacked. They were given as part of the contract price, which under present law does not, as formerly, constitute a fund for the protection of lien claimants. The consideration for the assignment to the Hammond Lumber Company is not questioned. The only question in the case

is one of priority under the statute. The trust deed was on record before any labor was performed or materials furnished. In the absence of a showing of bad faith or of fraud on the part of the parties to the transaction the rights of mechanic's lien claimants must be deemed, under the statute, to have attached subject to the prior recorded deed of trust.

No other points require discussion.

The judgment is reversed.