[Civ. No. 3954. Third Appellate District.—December 10, 1929.]

J. PLATT BRUSH et al., Respondents, v. E. R. BOHAN & COMPANY et al., Defendants; BLUE DIAMOND COMPANY, a Corporation, Appellant.

458

Black, Hammack & Black and Carey McWilliams for Appellant.

John F. Poole for Respondents.

FINCH, P. J.—This is an action to quiet title. Judgment was entered in favor of the plaintiffs and defendant Blue Diamond Company has appealed. The following statement of facts is taken substantially from the appellant's opening brief:

Respondents were originally the equitable owners of the premises, "having purchased them on contract from G. Allen Hancock." Thereafter the respondents "assigned said contract of sale to Seth Cheesman," to whom Hancock conveyed the premises. "Cheesman then put a first mort-

gage of $10,000 upon the premises . . . to aid the financing of a dwelling thereon.'' The consideration for the assignment by respondents to Cheesman was the sum of $3,250, to secure the payment of which Cheesman executed a deed of trust, conveying the premises to a trustee, which instrument contained the following: ''This deed of trust is second and subject to a mortgage filed concurrently herewith, in amount of $10,000.'' Cheesman informed the respondents ''that he was buying the lot to build a flat on, and that he was borrowing $10,000 for the purpose of building this flat.'' Cheesman did not let a contract for the erection of the building, but built it himself. The appellant furnished materials which were used in the construction of the building and duly filed a lien for the amount of its claim for such materials. Cheesman defaulted in payment to the plaintiffs and the trustee sold the property to them to satisfy the indebtedness.

From the foregoing facts appellant contends that an inference arises that Cheesman was merely the respondents' contractor, that they conveyed the property to him ''for the purpose of financing the erection of a flat building thereon'' and then causing the property to be sold under the deed of trust and buying it themselves, thereby destroying the rights of lien claimants. If the facts are as stated, it is to be regretted that the appellant did not produce some proof thereof at the trial, for there is no evidence in the record to warrant such an inference. Fraud and bad faith are not to be presumed in the absence of evidence thereof.

''If recorded before any work is done or materials are commenced to be furnished, a trust deed is in the ordinary course of things prior to mechanics' liens.'' (25 Cal. Jur. 52; *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *Fickling* v. *Jackman*, 203 Cal. 657 [265 Pac. 810]; *San Francisco Lumber Co.* v. *Yates*, 54 Cal. App. 109, 111 [204 Pac. 423].)

Appellant relies on a statement in 40 Corpus Juris, 295, that ''it has been held that a second mortgage, although prior in point of time to mechanics' liens, is inferior thereto where it was taken subject to a first mortgage, the proceeds of which were to be applied in paying for labor and materials, and not all of the money was advanced and

applied as agreed," citing *Andersonian Inv. Co.* v. *Jones,* 104 Wash. 142 [176 Pac. 17]. An examination of that case shows that the money which was not advanced and applied as agreed exceeded the amount of the liens. The effect of the decision, therefore, is merely that the second mortgage was inferior to the mechanics' liens only to the extent of the money not advanced and applied as agreed. As so understood the decision is in harmony with that in *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 197 [191 Pac. 1027]. No claim is made by the appellant that the whole of the $10,000 for which the mortgage was given by Cheesman was not advanced and applied in the construction of the building.

It is urged that the appellant's lien for materials has "priority over that of the trust deed as to the building" at least, citing 40 Corpus Juris, 476. The rule there stated is that "in a majority of jurisdictions, the building or improvement, as distinct from the land, may be subjected to the lien under certain circumstances," citing, among other cases, *McGreary* v. *Osborne,* 9 Cal. 119, and *Linck* v. *Meikeljohn,* 2 Cal. App. 506 [84 Pac. 309]. No circumstance has been pointed out, however, which would warrant the application of the rule in this case. Respondents took the property under the trustee's deed enhanced in value, it is true, by the improvement made by Cheesman, but also subject to the mortgage for $10,000. The building placed upon the land became a part thereof and belongs to the owner of the land. (Civ. Code, sec. 1013; *Watterson* v. *Cruse,* 179 Cal. 379, 383 [176 Pac. 870]; *Pomeroy* v. *Bell,* 118 Cal. 635, 638 [50 Pac. 683]; *Conde* v. *Sweeney,* 16 Cal. App. 157, 160 [116 Pac. 319].)

Other points made by the appellant are so manifestly untenable as not to merit a discussion thereof.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.