[Civ. No. 4306. Third Appellate District.—September 8, 1931.]

AMERICAN BUILDING MATERIAL SERVICE COMPANY (a Corporation), Appellant, v. L. O. WALLIN et al., Respondents.

James, Pace, Smith & Younkin and Everett H. Mills for Appellant.

Howard F. Shepherd for Respondents.

PRESTON, P. J.—This is an appeal by plaintiff American Material Service Company, a corporation, from a judgment allowing priority of a deed of trust of defendant John R. McCoy and Title Guarantee and Trust Company over the mechanic's lien of plaintiff. The facts are briefly these:

Defendant L. O. Wallin, Fred W. Klein and Frances Klein owned a lot in the city of Los Angeles. During the early part of 1926 they commenced the erection of a brick garage thereon. There was no general contract for the erection of said garage. During the course of the construction of this garage, the owners purchased from plaintiff and appellant certain building materials, consisting principally of rough lumber to be used in the construction of said garage. After the work had begun on the garage, but before appellant had sold or delivered any material, said owners executed a deed of trust upon said real property in favor of defendant John R. McCoy to secure the payment of a promissory note in the sum of $15,750, naming the defendant Title Guarantee and Trust Company as trustee. Said deed of trust was also

recorded in the office of the county recorder *before appellant delivered any materials for said building.* Failing to receive payment for said material, appellant filed a lien for the amount due and thereafter instituted this action for the foreclosure of such lien.

The court found that the building was commenced prior to the recordation of the deed of trust, but that no materials were furnished by appellant until after said deed of trust was recorded, and, therefore, the lien of said deed of trust on said real property was superior to the mechanic's lien of plaintiff and appellant, and rendered judgment accordingly.

The court found, however, that other persons, firms and corporations had furnished materials and performed labor upon said garage building *prior* to March 13, 1926, the date of the recordation of the deed of trust, and, also, found that there was no general contract for the erection of said garage building.

Appellant contends that, under the court's findings, its lien *would date back as of the date of the commencement of the work on said garage, and would, therefore, be prior and superior to the lien of said trust deed.* Consequently, only one question is presented for determination, which is: When did appellant's lien attach? Or, to state the question another way: Did appellant's lien attach when the building was *first commenced* or when appellant *first delivered* any lumber or other material *for the construction of said building?*

Section 1186 of the Code of Civil Procedure provides:

"The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequently to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also, to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement, or structure was commenced, work done, or the materials were commenced to be furnished."

It has been settled by a long line of decisions in this state that a deed of trust *is a lien or other encumbrance within the meaning of said section 1186.* (*Fickling* v. *Jackman,* 203 Cal. 657 [265 Pac. 810].) The general rule re-

garding priority of deeds of trust and mortgages over mechanics' liens is stated as follows: If recorded before any work is done or materials are commenced to be furnished, a deed of trust or mortgage is in the ordinary course of things prior to mechanics' liens. (*Brush* v. *E. R. Bohan & Co.*, 102 Cal. App. 457 [283 Pac. 126]; *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *San Francisco Lumber Co.* v. *Yates*, 54 Cal. App. 109 [204 Pac. 423]; *Fickling* v. *Jackman, supra;* 25 Cal. Jur. 52.)

In the case at bar, however, we have a different situation. Here the work on the building had commenced and others had already performed labor and furnished materials used in the construction of said building, when the deed of trust was executed and recorded, but appellant did *not furnish any material until after the recordation of the deed of trust, and no written contract for the construction of the building is involved.* The owner built the structure and dealt directly with the laborers and materialmen.

In the case of *McClain* v. *Hutton*, 131 Cal. 132 [61 Pac. 273, 63 Pac. 182, 622], the Supreme Court, in construing said section 1186, held that where the contract between the owner and contractor was invalid, by reason of the failure of the parties thereto to comply with section 1183 of the Code of Civil Procedure, liens for labor performed and materials furnished, related back only to the time the work was done and the materials commenced to be furnished, and the court held that such liens were subsequent and inferior to the lien of the mortgage filed for record after the building had been commenced but prior to the time the work was done and the materials commenced to be furnished.

The court in that case further held that "under this provision (sec. 1186 Code Civ. Proc.) the cases must be divided into two categories, distinguished by the existence or non-existence of a valid contract. In the former case (where there is a valid contract) the priority of the liens is to be determined by the date of the commencement of the buildings; in the latter, by the time the work was done, or the materials commenced to be furnished.

In *Simons Brick Co.* v. *Hetzel*, 72 Cal. App. 1 [236 Pac. 357, 359], in discussing the holding in *McClain* v. *Hutton, supra,* said: "As we understand this decision, the court held that where there was a valid contract, liens thereunder

related back to the commencement of the building, but where the contract was invalid, the liens related back only to the respective dates when the work was performed and the materials were commenced to be furnished. The reason of the rule thus enunciated we think is apparent. Under section 1183, as it stood at the time *McClain* v. *Hutton* was decided, the failure to record the contract rendered it 'wholly void and no recovery could be had thereon by either party thereto, and in such case, labor done and materials furnished by all persons . . . except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof. But where the contract was duly filed for record, all liens against the building were based primarily upon the contract, and the labor and materials covered by the liens were deemed to have been performed and furnished under said contract. The section, therefore, divided liens into two classes; those arising under a valid contract between the owner and the contractor, and those where the labor done and materials furnished were deemed to have been done and furnished at the personal instance of the owner. This latter class included all liens of subcontractors, materialmen, and laborers, where there was no valid contract of record, and each of these persons by section 1183 was given a lien by virtue of an implied contract between him and the owner. As far as his right to a lien was concerned, he occupied the same relative position to the owner as if the latter had not made any general contract whatever, but had personally and directly bought the materials and employed the labor used in the construction of the building. In such a case, each laborer and materialman would depend for his lien upon his individual agreement with the owner, and his right to a lien would only commence when he began labor upon, or commenced to furnish material for, the building."

It is true that since the decision in *McClain* v. *Hutton, supra,* and in 1911 (Stats. 1911, p. 1313) section 1183 of the Code of Civil Procedure was amended, and as there amended, was still in force at the time this action accrued and also at the time the complaint was filed. In its amended form it differs materially in its requirements from what it did prior thereto. As amended, it contains no provision that for the failure to record the original contract between

the owner and the contractor, said contract shall be wholly void, or void at all or invalid. Neither does it contain any provision that when the contract is not filed the labor done and materials furnished shall be deemed to have been done and furnished at the personal instance of the owner, nor any similar provision. These omissions and changes, however, are not such as would, in our opinion, destroy or impair the reasoning in the cases of *McClain* v. *Hutton, supra,* and *Simons Brick Co.* v. *Hetzel, supra,* on the particular question involved in the case at bar.

The division of mechanics' liens into two classes is based on section 1186 of the Code of Civil Procedure and this section has not been amended since its enactment in 1872.

Appellant seems to rely upon the case of *Sax* v. *Clark,* 180 Cal. 287 [180 Pac. 821], as supporting its contention that its lien dates back to the commencement of work on the building. In that case, however, it does not appear whether there was a general contract or not and, therefore, it is of no assistance to us under the facts in the case at bar.

From what we have said it follows that we are of the opinion that, as there was no general contract for the construction of the garage in question, appellant's lien did not attach until the materials were commenced to be delivered and said deed of trust, having been recorded prior to that time, is superior to the lien of appellant.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.