[L. A. No. 26077.   In Bank.   May 15, 1962.]

RHEEM MANUFACTURING COMPANY, Plaintiff and Appellant, v. UNITED STATES OF AMERICA et al., Defendants and Respondents.  (And Consolidated Cases.)

O'Melveny & Myers, William W. Alsup, William W. Vaughn and Stanley R. Fimberg for Plaintiff and Appellant.

James H. Camplin as Amicus Curiae on behalf of Plaintiff and Appellant.

Francis C. Whelan and Laughlin E. Waters, United States Attorneys, Robert H. Wyshak and Edward R. McHale, Assistant United States Attorneys, Chief, Tax Division, Watkins,

Lund & Peck, Ira M. Price II, Milton L. Most, Sherman, Weissman & Myers, Lauren M. Handley, Marshall Gumbiner, Chapman, Frazer & Lindley, Chapman, Frazer, Lindley & Young and Daniel W. Chapman for Defendants and Respondents.

GIBSON, C. J.—These actions concern the question whether a purchase-money deed of trust held by Rheem Manufacturing Company had priority over a number of mechanics' liens for material and labor furnished in connection with improvements made by assignees of the purchaser. Rheem appeals from that portion of the judgment of the trial court determining that the liens had priority.

Rheem owned a parcel of real property which it had used for manufacturing purposes and for which it could find no use after 1956 when it moved its operations to a new plant. On December 7, 1956, Rheem entered into a contract with Ben Waxman, who was acting for a corporation not yet in existence, to sell this property for a total price of $1,075,000, of which $50,000 was to be paid in cash and the remainder in installments secured by a deed of trust, the first installment of $50,000 to become due one year from the closing of the escrow. During the negotiations leading to the contract Rheem had advised Waxman that it wanted the property improved because the down payment on the purchase price would be small in comparison with the amount unpaid, and a proviso was included in the contract to the effect that if less than $50,000 was spent prior to May 15, 1957, in improving the property, a portion of the first installment of $50,000 should be accelerated and paid on that date instead of one year from the closing of the escrow, the accelerated amount to be equal to the amount by which the expenditures were less than $50,000.

Waxman assigned his interest in the contract to California Industrial Tracts, Inc. Rheem deeded the property to California, and on December 27, 1956, the latter executed a note for the unpaid purchase price secured by a trust deed in favor of Rheem which was recorded on December 31, 1956. Subsequently, California assigned its interest in the property to Dividend Investment Corporation, and at the request of either California, Dividend, or their lessees, certain improvements were made on the property. Rheem was not directly a party to any of the contracts for labor or materials. In June 1957 Rheem asked for proof of expenditures for improvements

and was shown documents indicating that at least $50,000 had been spent in improving the property prior to May 15, 1957.

California and Dividend failed to pay taxes and interest on the note and allowed mechanics' liens to be asserted against the property. Rheem gave notice of default, and in February 1958 the real property was sold to Rheem at a public trustee's sale for $1,084,401.18, an amount equal to the balance due under the contract plus costs. The purchase price was the fair market value of the property.

Rheem brought an action to quiet title to the property, and respondents, by cross-complaints filed in that action or by separate actions which were consolidated herein for trial, asserted interests in the property derived from mechanics' liens for labor and materials furnished for the improvements.[1]

The court found and concluded that Rheem was an owner of or person having an estate in the real property within the meaning of section 1183.1, subdivision (b), of the Code of Civil Procedure,[2] that it did not post or record a notice of nonresponsibility as required by that section, and that for this reason its interest was subject to the mechanics' liens. The court further found that Rheem was estopped from asserting, and had waived, the priority of its trust deed against the mechanics' liens. The court also found that Rheem's interest in the property was solely to enhance its value as security for the unpaid purchase price and that Rheem acted in good faith throughout the transactions. The judgment ordered, among other things, that, unless Rheem paid respondents the amount of their liens, the property should be sold and the proceeds thereof applied to the satisfaction of the liens. Rheem has appealed from this portion of the judgment, claiming primarily that its trust deed has priority over the mechanics' liens and that the sale of the property under the trust deed destroyed the mechanics' liens.

The general rule is that liens on the same property have priority according to the time of their creation (Civ. Code,

---

[1] Respondents are the United States of America (as claimant of a tax lien against the mechanic's lien of one Walter Nickels), Robert Don Wolfe, doing business as Steelflex Co., S. H. Bacon Materials Co., Inc., Consolidated Rock Products Co., Argo Electric Supply, F. D. Taylor Co., and Keb Construction Co.

[2] Section 1183.1, subdivision (b), provides that every improvement made on land with the knowledge of the owner or of "any person having or claiming any estate therein" shall be held to have been made at the instance of such owner or person and that his interest shall be subject to mechanics' liens unless within 10 days after obtaining knowledge of the work he posts and records a notice of nonresponsibility.

§ 2897), and it is specifically provided that a purchase money mortgage or deed of trust has priority over all other liens created against the purchaser, subject to the operation of the recording laws (Civ. Code, § 2898). Section 1188.1 of the Code of Civil Procedure provides in part that, with an exception not applicable here, mechanics' liens are preferred to any encumbrance upon the real property which may have attached subsequent to the time when the improvements were commenced and to any encumbrance of which the lien claimant had no notice and which was unrecorded at the time the improvements were commenced.

It is established in California, in accordance with these statutory provisions, that a recorded deed of trust given as security for the purchase price of property or for other purposes, such as a construction loan, has priority over subsequent mechanics' liens and that a trustee's sale of the property covered by the deed of trust extinguishes such liens. (*Powers* v. *Soule-Martin Lumber Co.*, 209 Cal. 557, 561-562 [289 P. 809] ; *Hollywood Lumber Co.* v. *Love*, 155 Cal. 270, 271 et seq. [100 P. 698] ; *Barr Lumber Co.* v. *Shaffer*, 108 Cal. App.2d 14, 16 et seq. [238 P.2d 99] ; *San Francisco Lumber Co.* v. *Yates*, 54 Cal.App. 109, 111-112 [204 P. 423].)

Rheem's only interest in the property was for security purposes, and a security interest conveyed by a deed of trust is not an estate in property within the meaning of section 1183.1, subdivision (b). (*Hollywood Lumber Co.* v. *Love*, *supra*, 155 Cal. 270, 271 et seq.; *Williams* v. *Santa Clara Mining Assn.*, 66 Cal. 193, 199-201 [5 P. 85].) The court therefore erred in concluding that, because Rheem did not post or record a notice of nonresponsibility as provided for in that section, its interest was subject to the mechanics' liens.

It is true that Rheem actively promoted the making of the improvements for the purposes of increasing its security. A similar interest on the part of the trust deed holder is generally present in construction loans where, in financing a building, the lender agrees to pay out parts of the loan as various stages of construction are reached. (See 80 A.L.R.2d 179, 182.) In such a situation, if the loan agreement makes the payments obligatory and the deed of trust has been recorded before the commencement of the improvements, the lien for advances has priority over mechanics' liens even though the advances are made after the mechanics' liens have attached. (*Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496,

500-501 [271 P. 898] ; *Fickling* v. *Jackman,* 203 Cal. 657, 662-663 [265 P. 810] ; see 80 A.L.R.2d 179, 191, 196, 219.)[3]

The record does not support the finding that Rheem, by encouraging the making of improvements, waived its right to assert the priority of its trust deed. █ There can be no waiver unless the relinquishment is intentional or is the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished. (*Roesch* v. *De Mota,* 24 Cal.2d 563, 572 [150 P.2d 422] ; *Medico-Dental etc. Co.* v. *Horton & Converse,* 21 Cal.2d 411, 432 [132 P.2d 457].) █ Here there was no showing of an intent by Rheem to abandon the priority to which it was entitled, and its conduct cannot be viewed as inconsistent with an intent to assert the priority of its trust deed.

Nor is there any basis for the finding that Rheem, because of its conduct with respect to the making of the improvements, is estopped from asserting the priority of its deed of trust. █ There can be no estoppel unless the party asserting it relied to his detriment on the conduct of the person to be estopped. (*Kinnison* v. *Guaranty Liquidating Corp.,* 18 Cal.2d 256, 264-265 [115 P.2d 450].) █ The lien claimants could not reasonably have relied on Rheem's conduct as showing that Rheem did not assert the priority of its trust deed, since, as we have seen, Rheem's conduct was not inconsistent with its intent to enforce its priority. Moreover, no proof was offered that those claiming mechanics' liens relied on the conduct of Rheem concerning the improvements when they furnished labor and materials or that they even knew of that conduct.

█ The judgment cannot be sustained on the theory of unjust enrichment. The only finding that relates to the matter, namely, that Rheem paid the fair market value of the property at the trustee's sale, tends to show that there was no unjust enrichment.

No California case has been found which has denied priority to a trust deed in a situation similar to the one present here, and the cases relied on by respondents do not support their position. In *City Lumber Co.* v. *Brown,* 46 Cal.App. 603, 610 [189 P. 830], the beneficiary under the deed of trust who was denied priority was a joint venturer with the owner and

---

[3]In 1957 the Legislature added to section 1188.1 of the Code of Civil Procedure a paragraph which, under certain circumstances, extended to other advances the priority given by the courts to obligatory advances.

was to share in profits derived from improvements to be made on the land, whereas here the court found that Rheem had no such interest. The language in *Fickling* v. *Jackman, supra,* 203 Cal. 657, 664-665, indicating that the priority ordinarily given a recorded trust deed might be denied if there was bad faith or fraud, does not assist respondents because here the court found that Rheem acted in good faith throughout the transactions.

The portion of the judgment appealed from is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.