[Nos. A110120, A111606. First Dist., Div. Four. Apr. 9, 2007.]

ANDREA SAVAGLIO et al., Plaintiffs, v.
WAL-MART STORES, INC., et al., Defendants and Respondents;
BERKELEY DAILY PLANET, Appellant.

COUNSEL

Weinberg, Roger & Rosenfeld, David A. Rosenfeld and M. Suzanne Murphy for Appellant.

Levy, Ram & Olson, Karl Olson; Stephen J. Burns; Jonathan R. Donnellan, Kristina E. Findikyan; Karlene Goller; Thomas W. Newton; and Harold W. Fuson, Jr., for Los Angeles Times Communications, LLC, McClatchy Company, The Hearst Corporation, Los Angeles Times, California Newspaper Publishers Association and The Copley Press, Inc., as Amici Curiae on behalf of Appellant.

Bartko, Zankel, Tarrant & Miller, William I. Edlund; Mayer, Brown, Rowe & Maw, Teresa A. Beaudet, Donald M. Falk and John Nadolenco for Defendants and Respondents.

OPINION

REARDON, J.—The parties to a statewide class action involving claims that Wal-Mart Stores, Inc., et al.,[1] denied meal and rest breaks to thousands of employees filed volumes of records conditionally under seal without complying with the constitutionally mandated procedures embodied in California Rules of Court,[2] rules 2.550 and 2.551. After a local newspaper entered the proceedings with a motion to unseal, and after Wal-Mart publicly filed papers and exhibits in two writ proceedings in this court that had been conditionally

---

[1] Respondents herein are Wal-Mart Stores, Inc., and Sam's West, Inc. (hereafter Wal-Mart).

[2] All further references to rules are to the California Rules of Court.

sealed below, the trial court entertained Wal-Mart's belated motion to seal records under rule 2.551, granting and denying the motion in part. We conclude that Wal-Mart waived its right to file that motion and in any event the trial court lacked discretion to entertain it. We further hold that the trial court did not err in denying the newspaper organization's request for attorney fees under Code of Civil Procedure section 1021.5 (section 1021.5). Accordingly, in these consolidated appeals we reverse the order in No. A110120 to the extent it granted Wal-Mart's motion to seal records, and affirm the order in No. A111606 denying attorney fees to the newspaper organization.

## I. BACKGROUND

### A. *Protective Order; Substantive Proceedings*

Plaintiffs filed a class action against Wal-Mart in February 2001, alleging that the giant retailer had not properly compensated some hourly employees for rest breaks, meal periods, and time worked but not recorded in the timekeeping system. At the commencement of discovery, the parties negotiated and the trial court entered a confidentiality and protective order dated February 13, 2002 (Protective Order). Paragraph 12 of the Protective Order provided that any motion to seal documents lodged or filed with the court "shall be heard prior to or on the same day as the related substantive motion." Paragraph 12.B. governed submission of confidential information to the court, other than for use at trial, and provided that such confidential information "shall be lodged conditionally under seal in the manner set forth in . . . the California Rules of Court. . . . Conditionally sealed records shall remain so sealed pending the determination of a motion for an order permanently sealing the record . . . . Within thirty days after the last written submission bearing upon the motion or other proceeding in question has been filed or lodged with the Court, any party requesting that a conditionally sealed record remain permanently sealed shall serve and file a noticed motion for an order permanently sealing the record in accordance with the procedures set forth in [the] Rules of Court."[3]

In August 2002 the court heard a contested motion to compel production of documents. Wal-Mart has submitted a declaration in the present appeal indicating that at that hearing there was an informal discussion off the record

---

[3] Note that the two provisions in paragraph 12 are not entirely consistent. A substantive motion may already have been decided prior to expiration of 30 days after the last submission bearing on that motion. Therefore, theoretically the trial court could decide an adjudicatory matter prior to ruling on the motion to seal, in which case, if documents were ordered sealed, the public would not be able to sort out the basis for the trial court's ruling.

in which "the Court indicated that it would not be necessary to actually make a separate motion every time a document was filed under seal pursuant to the protective order signed by the Court. Thereafter, the Court permitted the parties to file documents 'conditionally under seal' pursuant to the Protective Order and, unless an objection was made, the documents were deemed filed under seal. The parties have proceeded accordingly." The trial court did not recall the discussion and noted in a later proceeding that such "process is contrary to the Rules of Court, which expressly observe that the parties can't simply stipulate to sealing effectively, permanently sealing the Court's records . . . ." Nonetheless, the court later found that "Wal-Mart and Plaintiffs have consistently filed documents conditionally under seal and have operated under the apparent common understanding (correct or not) that the documents would remain under seal until further order of the Court."

Meanwhile, plaintiffs' motion for class certification and Wal-Mart's motion for summary adjudication proceeded, presumably under the above informal arrangement. Wal-Mart sought writ review of the rulings on both motions. (No. A105314 [class certification] & No. A107511 [summary adjudication].)

In the summer of 2004, rumors were afloat that Wal-Mart's summary adjudication motion was based partially on emergency regulations being developed by the Department of Industrial Relations, concerning the additional pay remedy for the violation of statutory meal and rest break requirements detailed in state labor laws and regulations. The additional pay remedy, and how it was characterized, apparently was central to Wal-Mart's motion.

B. *Enter the Berkeley Daily Planet*

When appellant Berkeley Daily Planet (Daily Planet) and its counsel from the law firm of Weinberg, Roger & Rosenfeld learned of these matters, counsel undertook a review of the register of actions on the Alameda County Superior Court's public Web site, hoping to ascertain the arguments asserted by Wal-Mart in its summary adjudication motion. The firm attempted to inspect and copy the papers Wal-Mart filed in connection with its motion, only to learn that "virtually all" the pleadings, motions, points and authorities, declarations, exhibits, etc. had been filed conditionally under seal pursuant to the Protective Order. Only the caption page of each document was available for public inspection, and the clerk of the court denied the Daily Planet's request to inspect the unredacted originals.

In August 2004 the Daily Planet moved to unseal all records filed by Wal-Mart (1) in opposition to plaintiffs' motion for class certification and

(2) in support of its summary adjudication motion. The parties went through a meet-and-confer process but nothing was resolved. In November 2004 counsel for the Daily Planet requested access to the writ petition in No. A107511. A deputy clerk of this court informed counsel that all the exhibits and papers were available for inspection and copying and there were no records under seal. Counsel inspected the records and determined that "they had been filed without any motion, findings, order, or notation to indicate they had been filed under seal in [the trial court], and without any indication that the Court of Appeal had sealed them upon receipt." The deputy clerk also advised counsel that the writ petition and exhibits in No. A105314 had been sent to storage, were not under seal, and were available for public inspection upon request. Counsel requested retrieval of the files and, during the hearing on the motion to unseal, advised the trial court of the situation at the Court of Appeal.

Wal-Mart interceded immediately, writing to the clerk of this court that large parts of the appendices to the writ petitions "had been filed under seal in the trial court and were marked as such on the face of the documents." Further, Wal-Mart "understood that those parts of the Appendix which were sealed by order of the trial court were also filed under seal with the Court of Appeal pursuant to California Rule of Court 12.5(c)(1)."[4] Wal-Mart requested that the appendices be sealed immediately. Despite letters from counsel for plaintiffs and the Daily Planet explaining that Wal-Mart never moved to seal any record included in the appendices, and the trial court never sealed a single document, this court concluded there was a question as to whether the records had been filed under seal in the trial court. Accordingly, pending resolution of the question, we deemed the records conditionally lodged under seal "until further order from this court."

The trial court denied the Daily Planet's motion to unseal, reasoning that it was premature and noting that any party desiring an order for permanent sealing must make a motion meeting the requirements of the Rules of Court. Thereafter, Wal-Mart moved to permanently seal documents concerning Wal-Mart's labor guidelines; pay and incentive guidelines; "STAR" reviews; audit information; and the "SMART" timekeeping system. Again, the meet-and-confer process was not fruitful.

Granting in part and denying in part Wal-Mart's motion to seal, the trial court rejected the Daily Planet's assertion that by the filing of documents in

---

[4] Former rule 12.5(c)(1), renumbered rule 8.160(c)(1), provides: "If a record sealed by the trial court is part of the record on appeal: [¶] (1) The sealed record must be filed under seal in the reviewing court and remain sealed unless that court orders otherwise under (f)."

the public files of this court, Wal-Mart waived its right to seek a sealing order. The court found that Wal-Mart had demonstrated an " 'overriding interest' " in placing documents under seal that concerned (1) Wal-Mart's labor guidelines and staffing formula; (2) pay and incentive guidelines; (3) "STAR" reviews and documents describing the review process; (4) internal audit procedures; (5) the "SMART" timekeeping system; and (6) private information concerning its employees. However, Wal-Mart had not demonstrated an overriding interest in protecting generalized factual descriptions of evidence in briefs and memoranda. In the end, the court ordered "only a small portion" of Wal-Mart documents sealed. It directed Wal-Mart to serve plaintiffs and the Daily Planet with copies of the documents initially filed " 'conditionally under seal' " that were to remain unsealed per the court order—approximately 17,000 pages of documents in all. The cost of this effort was "in the nature of a sanction for [Wal-Mart's] failure to file timely motions to seal and therefore causing a delay in public access to these documents."[5]

Thereafter the Daily Planet moved unsuccessfully for attorney fees pursuant to section 1021.5. The trial court ruled that the Daily Planet was not a party to the case and never formally moved to intervene. Moreover, its involvement in the case did not pertain to the underlying legal merits or overarching strategic purpose of the litigation. Alternatively, because the Daily Planet theoretically could have filed a separate lawsuit to unseal the documents, in which case the issues relating to unsealing records would have constituted the heart of the matter, the court evaluated the statutory criteria for a section 1021.5 fee award, and found the Daily Planet's request wanting.

These timely consolidated appeals followed.

## II. ARGUMENT

A. *Appeal from Sealing Order*

1. *Legal Framework*

 The public has a First Amendment right of access to civil litigation documents filed in court and used at trial or submitted as a basis for adjudication. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1208–1209, fn. 25, 1212 [86 Cal.Rptr.2d 778, 980 P.2d 337].)

---

[5] Subsequently, the trial court backtracked on the sanction language quoted above, indicating that the cost of copying was "assumed by agreement of Wal-Mart."

Substantive courtroom proceedings in ordinary civil cases, and the transcripts and records pertaining to these proceedings, are " 'presumptively open.' " (*Id.* at p. 1217.) Therefore, before a trial court orders a record sealed, it must hold a hearing and make findings that (1) there is an overriding interest supporting sealing of the records; (2) there is a substantial probability that absent sealing, such interest will be prejudiced; (3) the sealing order is narrowly tailored to serve the overriding interest; and (4) a less restrictive means of meeting that interest is not available. (*Id.* at pp. 1217–1218.) These standards are now embodied in our Rules of Court. (Rule 2.550(d), formerly rule 243.1(d), adopted eff. Jan. 1, 2001, & amended eff. Jan. 1, 2004.)

■ With the passage of Proposition 59 effective November 3, 2004, the people's right of access to information in public settings now has state constitutional stature, grounding the presumption of openness in civil court proceedings with state constitutional roots. (Cal. Const., art. I, § 3, subd. (b)(1)): "The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny."

■ The procedures for filing records under seal are set forth in rule 2.551.[6] Court approval is explicit: "A record must not be filed under seal without a court order. The court must not permit a record to be filed under seal based solely on the agreement or stipulation of the parties." (Rule 2.551(a).) The party requesting a sealing order must notice a motion or application, supported by a memorandum and a declaration of facts sufficient to justify sealing. (Rule 2.551(b)(1).) The pertinent documents must be lodged with the court in a sealed envelope labeled " 'CONDITIONALLY UNDER SEAL.' " (Rule 2.551(d)(2).) If the motion is granted, the clerk must affix a label prominently saying " 'SEALED BY ORDER OF THE COURT ON *(DATE)*.' " (Rule 2.551(e)(1).) Records remain sealed except by further order of the court. (Rule 2.551(h)(1).) Where the motion is denied, the clerk must return the lodged documents unless the moving party notifies the clerk within 10 days after the denial that the documents are to be filed. (Rule 2.551(b)(6).)

■ A party or member of the public may move, apply, or petition the court to unseal a record. (Rule 2.551(h)(2).) In ruling on the motion, the court considers the same matters governing a motion to seal. (Rule 2.551(h)(4).)

---

[6] The provisions pertaining to sealed records *do not* apply to records required to be kept confidential by law, or to records filed or lodged in connection with discovery motions, unless the discovery materials are used at trial or submitted as a basis for adjudication of substantive matters. (Rule 2.550(a)(2), (3).)

■ Records sealed by the trial court that are part of the record on appeal must be filed under seal in the reviewing court and remain sealed until further order of that court. (Rule 8.160(c)(1), (f).) The record on appeal must include the motion to seal as well as all documents filed in the trial court supporting or opposing the motion and the order sealing the record. (Rule 8.160(c)(2)(A)–(C).) Records publicly lodged or filed in the trial court "must not be filed under seal in the reviewing court." (Rule 8.160(d).)

### 2. Wal-Mart Waived Its Right to a Sealing Order

The Daily Planet insists that Wal-Mart waived any right to belatedly seek an order sealing records that it had filed publicly in this court *without* a sealing order and *without* proper findings after a noticed motion. Wal-Mart reiterates that it inadvertently failed to segregate the conditionally sealed documents filed in the writ proceedings. Further, in characterizing this court's response to the parties' correspondence on the sealing question, Wal-Mart hints that we decided against the Daily Planet on the waiver issue.

■ Although courts frequently define "waiver" as the intentional relinquishment of a known right, waiver may also stem from conduct "which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." (*Rheem Mfg. Co. v. United States* (1962) 57 Cal.2d 621, 626 [21 Cal.Rptr. 802, 371 P.2d 578]; see *Rubin v. Los Angeles Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292, 298 [205 Cal.Rptr. 455].) Whether a waiver has occurred is a factual question, tested on appeal under the substantial evidence rule. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1052–1053 [68 Cal.Rptr.2d 758, 946 P.2d 427], abrogated on another point as stated in *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668 [85 Cal.Rptr.2d 292, 976 P.2d 843].)

The only "finding" made by the trial court on the waiver issue was this: "The record suggests that Wal-Mart thought that its filings at the Court of Appeal would be under seal because its filings in the trial court were conditionally under seal."

Relying on *State Comp. Ins. Fund v. WPS, Inc.* (1999) 70 Cal.App.4th 644 [82 Cal.Rptr.2d 799] (*State Fund*), the trial court went on to determine that Wal-Mart's filing of documents in the public files of this court was not a waiver of its right to obtain an order sealing the files in the trial court. *State Fund* concerned waiver of the attorney-client privilege, as set forth in

Evidence Code section 912.[7] The reviewing court indicated that Evidence Code section 912 instructs us to look to the words and conduct of the holder of the privilege to ascertain whether a waiver has occurred. It was not State Fund, the holder of the privilege, that disclosed privileged documents; rather, through the discovery process outside counsel for State Fund effected an inadvertent disclosure. (*State Fund, supra,* at p. 652.) There was no intent on the part of the insurer's in-house counsel to disclose the documents, and the documents themselves were designed to alert the casual observer that they were subject to the attorney-client privilege. Further, counsel for State Fund moved promptly to secure return of the documents. Based on these facts, the reviewing court concluded State Fund had no intention to voluntarily relinquish the privilege. It further held that a waiver, within the meaning of Evidence Code section 912, "does not include accidental, inadvertent disclosure of privileged information by the attorney." (*State Fund, supra,* at p. 654.) The court declined to endorse a " ' "gotcha" theory of waiver, in which an underling's slip-up in a document production becomes the equivalent of actual consent.' " (*Ibid.*)

First, we clarify any insinuation on Wal-Mart's part that this court decided the waiver issue by responding to inquiries concerning sealing of the writ appendices. We received correspondence from Wal-Mart, plaintiffs and the Daily Planet, correspondence with conflicting conclusions about what happened in the trial court. Rather than decide who was "right" or "wrong," we deemed the appendices lodged conditionally under seal pending resolution of the question whether the supporting papers had been filed under seal in the trial court. What we expected the trial court to decide was whether the writ appendices had been properly sealed in the trial court. Our order was not an invitation for the trial court, in the first instance, to hear Wal-Mart's belated motion to seal.

■ Second, whereas it is the holder of the privilege who may waive statutory confidentiality protection, waiver by conduct in nonstatutory cases can stem from the conduct of a duly authorized agent. (*Knarston v. Manhattan Life Ins. Co.* (1903) 140 Cal. 57, 63 [73 P. 740].)

■ Third, Wal-Mart's claim of inadvertence is belied by its correspondence to this court wherein it claimed that large parts of the appendices had

---

[7] Evidence Code section 912, subdivision (a) provides generally that a person's right to claim a statutory privilege, including the lawyer-client privilege, "is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone."

been filed under seal in the trial court and were sealed by order of that court. The letter suggests inadvertence in the appellate court proceedings, but that claim is based on the patently incorrect assertion that sealing procedures had been properly adhered to below. Wal-Mart could not reasonably think that the trial court had sealed the documents submitted with the writ petitions, because Wal-Mart had not moved for an order sealing the record; had not submitted points and authorities and a declaration justifying sealing; and there was no court order granting the nonexistent motion. (Rule 2.551.) Nor could Wal-Mart reasonably think that it could operate under a parallel legal universe, outside rules 2.550 and 2.551. Lest there be any question, Proposition 59 *requires us to broadly construe a statute or court rule* "if it furthers the people's right of access" and to narrowly construe the same "if it limits the right of access." (Cal. Const., art. I, § 3, subd. (b)(2).) The rules for sealing records are mandatory, furthering the presumption and constitutional interest in open records. Records may not be filed under seal without a court order and the prerequisite motion and findings. (Rules 2.551(a), (b), 2.550(d), (e).) The trial court *cannot* rely solely on an agreement or stipulation of the parties as the basis for permitting records to be filed under seal. (Rule 2.551(a).) Wal-Mart's counsel is duty bound to know and apply these rules of civil procedure. (*Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29].)[8]

Fourth, there is no question that the appendices to the writ petitions were publicly filed and available to the public—in the case of No. A105314, since January 26, 2004, and in the case of No. A107511, since August 25, 2004. None of the procedures set forth in rule 8.160 governing sealed records in the reviewing court were followed, nor could they have been followed because again, there was no motion to seal below, no documentation supporting the motion, and no order sealing the record.

For all these reasons, we conclude that there is no substantial evidence supporting the trial court's finding that Wal-Mart did not waive its right to obtain a trial court order sealing the documents filed in this court as part of the writ proceedings. To the contrary, Wal-Mart's conduct was so inconsistent with an intent to enforce its rights to obtain sealed records under the Rules of Court as to induce a reasonable belief that it had relinquished

---

[8] We note also that Wal-Mart and class plaintiffs did not abide by the procedures set forth in the Protective Order. Instead, the parties apparently operated under an informal arrangement pursuant to which documents were filed conditionally under seal and, unless there was an objection, the documents were deemed filed under seal. The trial court did not recall the discussion leading to this arrangement, an arrangement that is entirely inconsistent with the mandatory requirements of rules 2.550 and 2.551 and the constitutional values informing those requirements.

such right. (*Rheem Mfg. Co. v. United States, supra,* 57 Cal.2d at p. 626.) The situation here is a far cry from the "gotcha" situation in *State Fund.*

 Further, irrespective of the waiver, the trial court lacked discretion to entertain a belated motion to seal. As noted by the trial court, effective January 1, 2004, former rule 243.2(b)(3)(B) (current rule 2.551(b)(3)(B)) sets forth a 10-day timeframe (subject to extension of time by court order) for bringing a motion to seal under circumstances that the court apparently deemed applicable to the instant matter. Rule 2.551(b)(3) governs the procedure for a party that files, in an adjudicatory proceeding, records that were subject to a confidentiality agreement or protective order, but does not intend to request the sealing of such records. Such party must notify the party that produced the records that the records will be placed in the public files unless the producing party brings a motion to seal *within 10 days* (or duly authorized extension) of receiving such notice. (Rule 2.551(b)(3)(A)(iii), (B).)

In its order on the Daily Planet's motion to unseal, the trial court concluded, given the understanding the parties were operating under, that it would work an "injustice" to find that they waived any opportunity to file a motion to seal. Of course, whether there has been a waiver of a known right is a factual matter. More to the point, regardless of waiver, the court had no power under the Rules of Court to entertain a grossly untimely motion to seal. First, no one followed the 10-day timeframe set forth in rule 2.551(b)(3). Second, heeding the call to construe our rules broadly to further the people's right of access, we conclude that any reading of rules 2.550 and 2.551 that encourages an open-ended timeframe for filing a motion to seal records long after the underlying substantive matter has been decided would defeat the purpose of the rules. Without the accountability of reasonable timeframes for bringing such motions in conjunction with adjudicatory as opposed to discovery proceedings, the presumptive openness of court records would be subject to the whim of the parties, without regard to the public.

### B. *Appeal from Attorney Fee Order*

Rule 2.551(h)(2) provides that "[a] party or member of the public may move, apply, or petition . . . to unseal a record. Notice of any motion, application, or petition to unseal must be filed and served on all parties in the case." Here the Daily Planet proceeded by noticed motion.

 At the close of proceedings the Daily Planet moved for attorney fees and costs under section 1021.5, the private attorney general statute. Section 1021.5 empowers a court to award attorney fees "to a successful party"

against an opposing party "in any action which has resulted in the enforcement of an important right affecting the public interest" if a significant benefit has been conferred on the general public or a large class of persons and the necessity and financial burden of private enforcement make the award appropriate.

The private attorney general doctrine codified in section 1021.5 " ' "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." Thus, the fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases.' [Citation.]" (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565 [21 Cal.Rptr.3d 331, 101 P.3d 140].)

■ The threshold requirement for a section 1021.5 fee award is the determination that the movant is a " 'successful party.' " (*Schmier v. Supreme Court* (2002) 96 Cal.App.4th 873, 877 [117 Cal.Rptr.2d 497].) Here the trial court initially and correctly ruled that the Daily Planet did not meet this threshold requirement. First, it held that the Daily Planet was not a "party," citing *Graham v. DaimlerChrysler Corp., supra,* 34 Cal.4th at page 570 in which our Supreme Court defined a "party" for purposes of section 1021.5 as a litigant by or against whom a suit is brought, namely the party plaintiff or defendant.

■ Further, while a party which qualifies and enters an action as an intervener is vested with all the procedural remedies and rights of the original parties, including the right to seek attorney fees under section 1021.5 (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 87 [24 Cal.Rptr.3d 72]), the Daily Planet did not file a complaint in intervention under Code of Civil Procedure section 387, and the court declined to find it a de facto intervener. The Daily Planet counters that it was a de facto intervener, arguing that it had an unconditional right to participate in this action for the purpose of bringing a motion to unseal pursuant to rule 2.551, and Code of Civil Procedure section 387, subdivision (b) would *require* the trial court, upon timely application, to permit intervention where "any provision of law confers an unconditional right to intervene." (Code Civ. Proc., § 387, subd. (b).) The Daily Planet mistakenly equates intervention with pursuing a motion to seal. They are not the same. The right to intervene, whether conditional or unconditional, is the right to become a party to pending litigation. As applied to matters of law, "to

intervene" means " '[t]o interpose in a lawsuit so as to become a party to it.' " (*Estate of Ghio* (1910) 157 Cal. 552, 559–560 [108 P. 516].) In civil law intervention is " '[t]he act by which a third party becomes a party in a suit pending between other persons.' " (*Id.* at p. 560.) By allowing a member of the public to file a motion to unseal records, rule 2.551(h) provides a mechanism for third parties to correct overbroad or unsubstantiated sealing orders, but it does not transform that member of the public into a party to the lawsuit.

■ Second, the trial court concluded the Daily Planet's success in achieving the unsealing of records did not count within the meaning of section 1021.5 because that success was ancillary to the objective of the underlying lawsuit. The measure of success qualifying a litigant for fees under the private attorney general statute is determined with regard to the impact and outcome of the underlying action, not with regard to some ancillary part of the litigation. (*Consumer Cause, Inc. v. Mrs. Gooch's Natural Food Markets, Inc.* (2005) 127 Cal.App.4th 387, 402 [25 Cal.Rptr.3d 514].) The motion to unseal was entirely unrelated to the objective of the lawsuit, namely to challenge the labor practices of the nation's largest retailer.

Nonetheless, the trial court took its analysis one step further, reasoning that rule 2.551(h) "does not establish a procedural vehicle for a member of the public to move, apply, or petition to unseal a record. In the absence of a clearly defined procedural route for the [Daily Planet] to follow, it would be somewhat arbitrary to deny [the Daily Planet] fees because it chose the procedural route of filing a motion to unseal in this case rather than the procedural route of filing a separate lawsuit to mandate the clerk to unseal the documents." Proceeding alternatively to consider whether the Daily Planet would have merited fees had it filed and prevailed in an independent action, the trial court concluded the news organization did not confer a significant benefit on the general public and denied fees.

It is clear from this record that the Daily Planet chose the route of noticed motion in the trial court, a route that cannot lead it to attorney fees. The Daily Planet acknowledges that rule 2.551(h)(2) provides procedural flexibility to third parties seeking to unseal court records, including the vehicle of initiating an original proceeding in the reviewing court by way of a petition for writ of mandate to compel the lower court to unseal records that were improperly sealed. It declined to follow this route, one that might, under suitable circumstances, lead to a possibility of attorney fees. (See generally *Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 191 [14 Cal.Rptr.3d 917].)

## III. DISPOSITION

We reverse the trial court order in case No. A110120 to the extent it granted in part Wal-Mart's motion to seal records. We affirm the trial court order denying the Daily Planet's request for section 1021.5 attorney fees (No. A111606). The Daily Planet to recover costs on appeal.

Ruvolo, P. J., and Rivera, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 11, 2007, S152827. Chin, J., did not participate therein.