Filed 6/17/24  Luo v. County of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| XINGFEI LUO, | B323457 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCP03258) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

Xingfei Luo, in pro. per., for Plaintiff and Appellant.

Collins & Collins, Erin R. Dunkerly and David C. Moore, for Defendant and Respondent.

# INTRODUCTION

Xingfei Luo brought this action against the County of Los Angeles under the California Public Records Act (CPRA) (Gov. Code, former § 6250 et seq.).[1]  In an opposition to a motion by Luo for sanctions, the County listed other lawsuits Luo had filed using a pseudonym.  Seven months later, Luo filed an ex parte application for an order redacting the list of lawsuits from the County's opposition and the trial court's order denying the motion for sanctions.  Luo appeals from the trial court's order denying her ex parte application.  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Luo Files a Petition for a Writ of Mandate, Which the Trial Court Grants in Part*

In October 2020 Luo, representing herself as Jane Doe, filed a petition against the County and the City of El Monte seeking a writ of mandate, a declaratory judgment, and injunctive relief under CPRA and article I, section 3, subdivision (b), of the California Constitution.  Luo alleged the County and the City had not complied with her requests under CPRA for records on crime statistics.  At the trial setting conference, the trial court stated Luo could not proceed under a pseudonym in a CPRA case and directed her to file an amended petition with her true name (a ruling Luo does not challenge).

---

[1]    Effective January 1, 2023 the Legislature repealed and reenacted CPRA without substantive change at Government Code section 7920.000 et seq.

In January 2021 Luo filed a motion to seal the petition, but the court vacated the hearing on the motion because Luo had not filed an amended petition in her name. The court stated that, once Luo filed an amended petition, the court would permit her "to withdraw the first paragraph of the original petition, possibly by filing a redacted version." In April 2021 Luo filed a first amended petition using her name. She also filed an unopposed motion for an order to redact the first paragraph of her original petition, which the court granted.

In June 2021 the court scheduled the case for hearing and set a briefing schedule. Luo filed an ex parte application for a 21-day extension to file her opening brief. The County opposed the request because it would shorten the County's time to file its brief from 60 days to 21 days. Counsel for the County stated in a declaration she would need 60 days to respond to Luo's opening brief: "We will have to gather evidence—possibly of a technical nature—from custodians of record from two departments within the County and I anticipate this could take a while, particularly given late summer schedules and the fact that many County employees are still working from home." The court granted Luo's ex parte application and issued a new schedule that gave Luo 21 additional days to file her opening brief and the County 50 days to file its opposition brief.

In November 2021 the court held a hearing on Luo's petition for a writ of mandate and granted the petition in part. The court ordered the County to produce the information on crime statistics Luo requested, except for information exempt from disclosure under CPRA, such as information related to pending litigation, information from which an offender could be

identified, and information not contained in the master record. Luo does not challenge this ruling.

Meanwhile, in October 2021 Luo filed a motion for sanctions against the County and its counsel on the ground the County's opposition to Luo's ex parte application for an extension of time "was made in bad faith for the sole purpose to cause unnecessary delay." Luo argued counsel for the County's statement that she needed 60 days to gather evidence was an "affirmative misrepresentation to the court" because ultimately "the County provided zero evidence" in its brief.

In opposition to Luo's motion for sanctions, the County stated that, after seeing Luo's opening brief, counsel for the County decided "gathering evidence in addition to what [Luo] put in the record was not necessary because [Luo] produced everything necessary" in her opening brief. Counsel also stated that, because Luo had filed "well over a dozen lawsuits," counsel "deemed it ill-advised to disclose sensitive information to a litigant who was likely to use any such information to abusive ends at enormous taxpayer expense." In a supporting declaration, counsel for the County listed case and court names (but not case numbers) of seven other lawsuits Luo had filed using a pseudonym.

In January 2022 the court denied Luo's motion for sanctions, ruling Luo did not show the County's opposition was frivolous or in bad faith.

B.     *The Trial Court Denies Luo's Ex Parte Application To Redact Documents*

In September 2022 Luo filed an ex parte application for an order redacting portions of the County's opposition to Luo's

4

motion for sanctions and the trial court's ruling denying that motion. Luo asked the court to redact from both documents the case and court names for the seven other lawsuits Luo had filed using a pseudonym. Luo claimed the information "was the original source of the threat of violence and she did not discover [it] until receiving [the] threat."[2]

Luo also filed an ex parte application for an order allowing her to file a supporting declaration under seal. Luo filed a separate declaration stating she had redacted her supporting declaration because the redacted portions would "endanger [her] safety."[3] Luo attached as an exhibit a conditionally sealed, redacted declaration in support of the application to redact the previously filed documents. In the unredacted portion of the conditionally sealed declaration, Luo stated that, when the County disclosed the list of seven cases in its opposition to her motion for sanctions, the County's omission of case numbers gave Luo "a false sense that the cases would not be identified as [she was] not an attorney," but that she now realized disclosure of the case names and court names made the cases identifiable. The County opposed both of Luo's ex parte applications.

The trial court denied Luo's ex parte application for an order to redact documents. The court found it "was speculation that the unredacted information was the original source of the

---

[2] The record does not contain any explanation of the alleged threat or who it was against.

[3] The declaration stating portions of the documents Luo sought to redact would endanger Luo's safety was an amended declaration filed the same day as the first declaration. The original declaration did not include the statement about endangering Luo's safety.

5

threat of violence" and that Luo "failed to establish good cause" to redact the documents. The court also found Luo improperly failed to serve the County with the unredacted declaration she submitted to the court. The court stated that, if Luo served the unredacted declaration on the County, the court would conditionally grant her application to submit the declaration under seal and issue a protective order restricting the declaration's dissemination. Alternatively, the court said it would return the declaration to Luo unfiled. Luo chose the latter option. Luo timely appealed from the order denying her application to redact the previously filed documents.

## DISCUSSION

A.     *Applicable Law and Standard of Review*

"Courts in California have long recognized a common law right of access to public documents, including court records. [Citation.] Under the common law right of access, court records are presumed to be "'open to the public unless they are specifically exempted from disclosure by statute or are protected by the court itself due to the necessity of confidentiality.'"" (*In re Marriage of Tamir* (2021) 72 Cal.App.5th 1068, 1078; see *Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 483 ["This common law right is effectuated through a presumption of access."].) In addition, the "First Amendment provides a right of access to ordinary civil trials and proceedings" (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1212), including a "right of access to civil litigation documents filed in court as a basis for adjudication" (*id.* at p. 1208, fn. 25).

California Rules of Court, rules 2.550 and 2.551,[4] which govern requests to seal court records, "expressly implement the First Amendment principles espoused in *NBC Subsidiary* and establish a presumption that 'court records . . . be open' unless the law requires confidentiality." (*Overstock.com, Inc. v. Goldman Sachs Group, Inc.*, *supra*, 231 Cal.App.4th at p. 486; see rule 2.550(c).) Under rule 2.550(d), a court may order a record filed under seal "only if it expressly finds facts that establish: [¶] (1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest." "'We review the trial court's decision to order the documents sealed under the abuse of discretion standard, and any factual determinations made in connection with that decision will be upheld if they are supported by substantial evidence.'" (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1067; see *In re Marriage of Tamir*, *supra*, 72 Cal.App.5th at p. 1081 ["we review the record for substantial evidence supporting the . . . order" unsealing court records].)

B. *The Trial Court Did Not Abuse Its Discretion in Denying Luo's Ex Parte Application To Redact Documents*

Luo argues the trial court erred in denying her application to redact the previously filed documents. She contends disclosing

---

[4]    Citations to rules are to the California Rules of Court.

the cases where she proceeded under a pseudonym destroyed her anonymity and revealed "sensitive and private information." Substantial evidence supported the trial court's findings Luo failed to establish the requirements for redaction under rule 2.550(d), and the trial court did not abuse its discretion in denying Luo's application to redact the documents.

First, substantial evidence supported the trial court's implied finding there was no overriding interest supporting redaction that overcame the right of public access to the documents. (See rule 2.550(d)(1)-(2).) In her ex parte application to redact the documents, Luo stated that the County had improperly disclosed case names and court names and that there was "an overriding interest supporting redaction," but she did not explain what the overriding interest was. Luo referred to her separate application to file a declaration under seal, but the record on appeal contains only the redacted version of that declaration, which does not include any facts supporting Luo's interest in keeping the information confidential.[5] (See rule 2.551(b)(1) [party must submit "a memorandum and a declaration containing facts sufficient to justify the sealing"]; *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 301 [if "the trial court found the declarations conclusory or otherwise unpersuasive, it could conclude, as it did, that defendants had

---

[5] Luo did not seek permission to file the unredacted declaration under seal in this court. (See rule 8.46(d) [procedure for filing record under seal in a reviewing court]; *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 303, fn. 9 [court allowed the appellant to file under seal copies of documents the trial court had ordered unsealed].)

8

failed to demonstrate any 'overriding interest that overcomes the right of public access'"].)

Luo argues it is "self-evident" she has a "right of privacy" in her "personal information." The issue, however, is not just whether Luo has a right of privacy, but whether she has an overriding interest that overcomes the right of public access to the documents, as rule 2.550(d)(1) requires. And there is no evidence in the record Luo had an overriding interest. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"]; *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 547 ["'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'"].)

Second, even if Luo had an overriding interest in preventing disclosure of her prior lawsuits, substantial evidence supported the trial court's finding there was no substantial probability that interest would be prejudiced if the record was not sealed. (See rule 2.550(d)(3).) In the trial court Luo claimed the unredacted case names caused a "threat of violence," but the trial court found that contention was "speculation." On appeal Luo argues disclosure of "sensitive matters . . . caused threats and harassment to her," but the only evidence she cites is her redacted declaration, the unredacted portion of which contains no information about threats, violence, or harassment. (See *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 894 [the party seeking to seal documents has the burden of "identifying the nature of the harm threatened by disclosure"].)

9

Luo argues disclosing her true name in this case would render the orders in other cases that allowed her to use a pseudonym "meaningless and void." She contends the trial court "exceed[ed] its jurisdiction" in denying her application.[6] But Luo cites no authority for the proposition another court's decision to allow her to proceed under a pseudonym exempts her from the requirements of rule 2.550 in this case.[7] And even if the disclosure of Luo's prior cases allowed someone to discover her identity, such a disclosure would not, without more, establish that Luo had an overriding interest in preventing the disclosure, that the overriding interest overcame the right of public access, or that there was a substantial probability the disclosure would prejudice Luo. (See *H.B. Fuller Co. v. Doe*, *supra*, 151 Cal.App.4th at p. 895 [granting a motion to unseal documents where the "plaintiff has never identified any *specific* facts disclosure of which would harm any identified interest"].)

---

[6] Luo cites *Micro/Vest Corp. v. Superior Court* (1984) 150 Cal.App.3d 1085, where the court held the trial court exceeded its jurisdiction when it reviewed another trial court's ruling rejecting a peremptory challenge under Code of Civil Procedure section 170.6. (*Micro/Vest,* at p. 1090.) That case has no application here.

[7] A party requesting to use a pseudonym must make a showing similar to that required under the rules governing requests to seal records. "A party's request for anonymity should be granted only if the court finds that an overriding interest will likely be prejudiced without the use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access." (*Department of Fair Employment & Housing v. Superior Court* (2022) 82 Cal.App.5th 105, 111.)

That the documents Luo seeks to redact were publicly available in the court's records for seven months before she filed her ex parte application to redact them undermines her claim disclosure of her other cases would prejudice her. The trial court could reasonably infer from Luo's delay in seeking relief that public disclosure of the information did not prejudice her. (See *Savaglio v. Wal-Mart Stores, Inc.* (2007) 149 Cal.App.4th 588, 601 ["any reading of rules 2.550 and 2.551 that encourages an open-ended time frame for filing a motion to seal records long after the underlying substantive matter has been decided would defeat the purpose of the rules"].) Luo argues redaction is necessary to "protect[ ] her privacy rights moving forward," but as discussed, she did not provide any facts to show she would be prejudiced in the future, as rule 2.550(d)(3) requires.

The cases Luo cites do not support her position. In *Rosso, Johnson, Rosso & Ebersold v. Superior Court* (1987) 191 Cal.App.3d 1514, a case involving use of an intrauterine device, the court concluded the identity of a law firm's clients was confidential and therefore protected by attorney-client privilege when disclosure of the clients' names "would reveal the nature of a medical problem, ordinarily considered a confidential communication." (*Id*. at p. 1519.) *Rosso* did not involve the rules governing sealing court records or a right of public access to the information.

*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60 is distinguishable because it concerned discovery materials. In *Mercury Interactive* the court held the rules governing requests to seal court records did not apply to discovery materials produced and designated confidential pursuant to a protective order and subsequently attached to a pleading that was not used

11

at trial or submitted as a basis for adjudication.[8] (*Id.* at pp. 68, 79.) The rules governing sealing court records apply here because Luo does not seek to redact discovery materials; she seeks to redact a document the County submitted as a basis for adjudication of Luo's motion for sanctions and the court's ruling on that motion.

       C.    *Any Error in the Trial Court's Ruling on the Redacted Declaration Was Harmless*

Luo argues the trial court erred in requiring her to serve an unredacted version of her declaration on the County or have the declaration returned to her without being filed. Luo is correct, but the error was harmless.

Luo sought two different types of sealing or redaction: (1) redaction of case and court names from two documents filed seven months earlier and (2) permission to file under seal her declaration showing justification for redacting the two previously filed documents. Rule 2.551(b)(5) requires a party seeking to file a record under seal to file a "public redacted version" and lodge a "complete, unredacted version conditionally under seal." Rule 2.551(b)(2) requires the party to serve parties who already have access to the records to be placed under seal with "a complete, unredacted version of all papers as well as a redacted version." But parties who do not already have access to

---

[8]    Under rule 2.550(a)(3) the rules governing requests to seal records "do not apply to discovery motions and records filed or lodged in connection with discovery motions or proceedings. However, the rules do apply to discovery materials that are used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings."

the records need only be served with the public redacted version. (Rule 2.551(b)(2).) Luo served the County with a redacted version of her declaration. The trial court ruled Luo's "failure to serve [the County] with a copy of the same unredacted 'good cause' declaration she submitted to the court was improper." The court stated it would conditionally grant her application to submit the declaration under seal and issue a protective order restricting the declaration's dissemination if Luo served the unredacted declaration on the County; otherwise, the court would return the declaration to Luo unfiled. As stated, Luo chose the latter option.

Luo argues she properly served the County with a redacted version of her declaration because the County did not already have access to it. The County argues Luo had to serve an unredacted version of the declaration because the County already had access to the two previously filed documents that Luo sought to redact. The County is confusing Luo's two different requests to redact. The County had access to the previously filed documents, but it did not have access to Luo's new declaration explaining why the court should redact the previously filed documents. Therefore, rule 2.551(b)(2) allowed Luo to serve the County with a redacted declaration.

However, the trial court's error in not allowing Luo to file the declaration under seal unless she served an unredacted version on the County was harmless because it is not reasonably probable the court would have granted Luo's application to redact the previously filed documents had the court allowed her to serve the County with a redacted declaration. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error is prejudicial when "'it is reasonably probable that a result more favorable to the

13

appealing party would have been reached in the absence of the error'"].) Luo lodged an unredacted declaration with the trial court, and Luo does not argue the court would have granted her application to redact the documents if the court had considered the contents of her declaration.[9] Nor does Luo argue we should direct the trial court to allow her to file the declaration under seal (without serving an unredacted version) or to hear her application again.

## DISPOSITION

The order denying Luo's ex parte application for an order redacting documents is affirmed. The parties are to bear their costs on appeal.


SEGAL, J.


We concur:


MARTINEZ, P. J.


FEUER, J.

---

[9] Luo appealed from the "order denying redacting records," not the order requiring her to serve the County with an unredacted version of her declaration.

14