Filed 1/15/25  Cody M. v. County of Sonoma CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CODY M.,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SONOMA,<br><br>　　　Defendant and Respondent. | A170362<br><br><br>(Sonoma County<br>Super. Ct. No. SPR89389) |

Plaintiff, Cody M.,[1] appeals from an order partially denying his motion to seal the entire record of the proceeding in his Welfare and Institutions Code section 8103[2] petition seeking to restore his right to own or possess firearms.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2015, plaintiff was hospitalized pursuant to section 5150.[3] On August 15, 2016, plaintiff, in pro. per., filed a request for relief from the

---

[1] We refer to plaintiff as Cody M., per California Rules of Court, rule 8.90(b)(10).

[2] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[3] Section 5150, subdivision (a) provides:  "When a person, as a result of a mental health disorder, is a danger to others, or to themselves, or gravely disabled, a peace officer . . . may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment,

firearms prohibition (Bureau of Firearms Forms, form 4009C). His request stated that he was discharged from a mental health facility in 2015. He requested a confidential, private hearing, under section 8103, subdivision (f)(5), that would not be open to the public. A hearing was scheduled for September 15, 2016. Plaintiff requested and the trial court granted a continuance of the hearing to allow time for him to obtain counsel and review records he subpoenaed from the County of Sonoma. On September 26, 2016, plaintiff filed a substitution of attorney identifying his new attorney in the action. On September 30, 2016, plaintiff requested and the trial court granted plaintiff's request for a dismissal without prejudice.

On October 30, 2023, seven years after plaintiff voluntarily dismissed his section 8103 petition, he filed an application to file under seal a motion to seal the entire record of his previous section 8103 petition proceeding. In his motion, he asserted that individuals had become aware of his prior hospitalization for mental health treatment because of his previous section 8103 petition. In his supporting declaration, plaintiff stated that in 2017 he learned that third parties had learned from superior court records that he had filed a section 8103 petition, and they questioned him about his mental health. Plaintiff also stated that on an unspecified date he was questioned in a deposition in an unrelated civil action about his section 8103 petition, his hospitalization, and his mental health diagnosis. His motion requested that the trial court seal the entire record of his section 8103 petition.

The trial court granted plaintiff's request to file his motion under seal. However, the court denied the motion to seal the entire record of the previous

evaluation, and crisis intervention . . . ." Section 8103, subdivision (f)(1)(A) provides that when a person is admitted to a mental health facility under section 5150, the individual shall not own, posses, control, receive, or purchase firearms for five years after release from the facility.

2

section 8103 petition.  On November 9, 2023, plaintiff filed an ex parte application requesting that he be permitted to amend his section 8103 petition and all nonsealed records filed in the case to list the case caption as "Matter of Cody M." rather than using his full name.  On November 14, 2023, the trial court denied plaintiff's ex parte request, stating, "Matter was dismissed 9/30/2016.  Motion to amend is denied in its entirety."  Plaintiff appeals only from the October 30, 2023 order, which denied his motion to seal the record.  Plaintiff served his opening brief on the Sonoma County District Attorney's Office and the Sonoma County Superior Court.  No respondent's brief was filed.

## DISCUSSION

Plaintiff seeks reversal of the trial court's decision to deny his motion to seal the entire record of his section 8103 petition proceeding.  He argues that such proceedings, which necessarily involve portions of the Lanterman-Petras-Short (LPS) Act (§ 5000 et seq.), are nonpublic special proceedings.  He further argues that his constitutional right to privacy protects his mental health medical history and that the trial court erred in applying the framework under California Rules of Court, rules 2.550 and 2.551, when it denied his motion to seal the entire record.

A trial court that denies a motion to seal is not required to make express factual findings.  (*Overstock, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 492 (*Overstock*).)  "[W]e review the ultimate discretionary decision to deny sealing by inquiring whether substantial evidence supports the trial court's express or implied findings that the requirements for sealing are not met."  (*Ibid.*)  We defer to the trial court's credibility determinations and consider all evidence and reasonable

3

inferences in the light most favorable to the trial court's order. (*Id.* at p. 491, fn. 11.)

Plaintiff argues that his section 8103 petition is a special proceeding exempt from public disclosure. He relies upon *Sorenson v. Superior Court* (2013) 219 Cal.App.4th 409, which addressed the media's right of access to transcripts of a jury trial of LPS Act commitment proceedings and held that proceedings under the LPS Act are presumptively nonpublic. (*Sorenson*, at p. 443.) We do not read *Sorenson*'s holding to apply to proceedings filed under section 8103, which itself is not part of the LPS Act but instead is part of the Welfare and Institutions Code chapter regulating firearms under certain circumstances. (§ 8100 et seq.)

Section 8103, subdivision (f) provides that a person taken into custody and treated under section 5150 is prohibited from possessing or owning firearms for a period of five years; however, he or she may request a hearing for an order permitting relief from the prohibition. (§ 8103, subd. (f)(1)(A), (5).)[4] The statute states that the People of the State of California shall be represented by the district attorney and that information may be provided from the county behavioral health director regarding the individual's detention. (*Id.*, subd. (f)(5).) It further provides, "The court, upon motion of the [petitioner] establishing that confidential information is likely to be discussed during the hearing that would cause harm to the person, shall conduct the hearing in camera with only the relevant parties present, unless the court finds that the public interest would be better served by conducting the hearing in public." (*Ibid.*) Based on this statutory language, we agree

---

[4] Plaintiff's opening brief incorrectly states that his section 8103 petition was filed under subdivision (g)(4). However, the record indicates that the petition was filed under subdivision (f)(5).

that had a hearing been held in the section 8103 proceeding it would have been presumptively nonpublic.  However, the statute does not provide that the filing of the petition itself, or other documents filed in the proceeding, are nonpublic.  Given that the relevant statute does not provide that the petition or other documents filed in a section 8103 proceeding are confidential, we presume such documents are open to the public.  (*Overstock, supra*, 231 Cal.App.4th at p. 483.)

California Rules of Court, rule 2.550 states that a court may order a record sealed if it expressly finds facts that establish: "(1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest."

Plaintiff argues that his declaration in support of his motion to seal supports a finding that his identity is publicly linked to his section 5150 hold because of the record in his section 8103 petition proceeding.  His declaration states that in 2017, members of the public learned of his mental health history by accessing the records in his section 8103 petition proceeding.  He refers to a second incident, when he was questioned during a deposition in an unrelated civil proceeding about his section 8103 petition.  He does not provide the date for the second instance.  His declaration further states that sealing of the record is necessary to prevent stigma and harm to his reputation based on his mental health history.  Plaintiff's opening brief fails to address the requirement that a sealing order be narrowly tailored and may only be entered if the court finds "[n]o less restrictive means exist to achieve the overriding interest."  (Cal. Rules of Court, rule 2.550(d)(5).)  His motion

5

filed in the trial court discusses the narrow tailoring issue in a conclusory manner.

Most significantly, plaintiff did not address below, and does not provide this court with, any authority permitting the sealing of court records that were originally filed in unredacted form seven years earlier. When plaintiff filed his section 8103 petition and other documents in 2016, he did not follow the procedures set forth in California Rules of Court, rules 2.550 and 2.551, to seal the records or any portion of them by way of redactions. Rule 2.551 explains the procedures for filing a motion to seal a record and for lodging records that are subject to a pending motion to seal. Plaintiff could have followed, but did not follow, these procedures when he filed his section 8103 petition. Instead, he publicly filed the unredacted documents in 2016; learned as early as 2017 that members of the public were accessing the documents and learning of his section 5150 hold; and did not file a motion to seal until October 30, 2023. As stated in *Savaglio v. Wal-Mart Stores, Inc.* (2007) 149 Cal.App.4th 588, 602, "any reading of rules 2.550 and 2.551 that encourages an open-ended timeframe for filing a motion to seal records long after the underlying substantive matter has been decided would defeat the purpose of the rules."

We conclude that the trial court's order denying plaintiff's motion to seal the entire record of his section 8103 petition proceeding was not an abuse of its discretion. Plaintiff's motion failed to establish that the requested sealing of the entire record was narrowly tailored or was the least restrictive means to achieve any overriding interest. In addition, his motion, filed seven years after his dismissed petition, was untimely.

Plaintiff also filed in this court a "Motion to Seal the Record, Amend or Augment the Caption." His motion asks that we seal the record in this

6

appeal and amend the caption to protect his identity. We understand that he seeks to seal the entire record of this appeal. We deny plaintiff's motion for the reasons discussed *post* and also because his motion does not comply with the appellate court rules for sealing of records. California Rules of Court, rule 8.46(d)(2) states that for records not filed in the trial court, a party may file a motion seeking an order to seal and "*[a]t the same time*, the party *must* lodge the record . . . unless good cause is shown not to lodge it." (Italics added.) To lodge a record, the party must "transmit the record to the court in a secure manner that preserves the confidentiality of the record to be lodged" and it label it " 'CONDITIONALLY UNDER SEAL.' " (*Id.*, rule 8.46(d)(3).) Further, rule 8.46(e) states that when appealing from an order denying a motion to seal the record, the appellant "*must* lodge the subject record as conditionally under seal in the reviewing court . . . ." (Italics added.) Plaintiff did not lodge any portion of the appellate record or his brief as conditionally under seal, as required by the appellate rules of court. However, under the circumstances of this case, plaintiff's privacy interest supports not using his name in the case caption. (*Id.*, rule 8.90(b)(10).)

## DISPOSITION

The order is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A170362/*Cody M. v. County of Sonoma*